UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 7:17-cr-112-BHH |
| Plaintiff/Respondent, | Civil Action No. 7:19-cv-410-BHH |
| vs. | **OPINION AND ORDER** |
| KIPPER KEN KING, | |
| Defendant/Movant, | |

This matter is before the Court upon Defendant/Movant Kipper Ken King's ("King")

motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No.

48). For the reasons set forth below, King's motion is denied and the Court grants

summary judgment in favor of the United States of America ("Government").

**BACKGROUND**

On February 15, 2017, a federal grand jury sitting in the District of South Carolina,

Florence Division, returned an indictment that charged King, *inter alia*, with knowingly and

willfully threatening to take the life of the then President-elect of the United States, Donald

Trump, in violation of 18 U.S.C. § 871(a). (ECF No. 2.) On December 5, 2017, King

pleaded guilty to this offense. (ECF No. 39.) The Pre-Sentence Report ("PSR") (ECF No.

40) was calculated with a criminal history category of VI and a guidelines imprisonment

range of 51 to 60 months. (Sent. Tr., ECF No. 60 at 3.) On June 19, 2018, the Court

sentenced King to 60 months' imprisonment and denied his motion for downward

variance. (Sent. Tr. at 8–9.) Judgment was entered on June 25, 2018. (ECF No. 43.) King

did not file an appeal. On February 12, 2019, King filed the instant § 2255 motion. (ECF No. 48.) The Government filed a response in opposition on March 14, 2019, accompanied by a motion for summary judgment. (ECF Nos. 61 & 62.) On January 7, 2021, this Court entered an Order denying the § 2255 motion and granting summary judgment in favor of the Government. (ECF No. 71.) On January 21, 2021, the Court denied King's motion for reconsideration. (ECF No. 79.) King sought to appeal the Court's Orders denying his § 2255 motion and his motion for reconsideration. On June 29, 2001, the U.S. Court of Appeals for the Fourth Circuit issued an opinion stating that this Court did not adjudicate all of the claims raised in King's § 2255 motion and concluding that the Orders King sought to appeal were neither final orders nor appealable interlocutory or collateral orders. (ECF No. 103 at 2.) Accordingly, the Fourth Circuit dismissed the appeal for lack of jurisdiction and remanded to this Court for consideration of the unresolved claims. (*Id.*) The Court subsequently issued a Text Order directing King's trial defense counsel, James B. Loggins, Assistant Federal Public Defender ("AFPD Loggins"), to submit an affidavit that was fully responsive to King's § 2255 Motion, and in particular to the claims itemized by the Fourth Circuit as being unresolved. (ECF No. 97.) AFPD Loggins submitted the required affidavit on October 15, 2021. (ECF No. 102.) The matter is ripe for review, and the Court now issues the following ruling.

## **LEGAL STANDARDS**

**Motions to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255**

A prisoner in federal custody may attack the validity of his sentence pursuant to 28 U.S.C. § 2255 by filing a motion in the court that imposed the sentence. To succeed on such a motion, the prisoner must prove one of the following: (1) the sentence was

imposed in violation of the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

The district court need not hold an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The determination of whether to hold an evidentiary hearing ordinarily is best left to the common sense and sound discretion of the district court. *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970). "When the district court denies § 2255 relief without an evidentiary hearing, the nature of the court's ruling is akin to a ruling on a motion for summary judgment." *United States v. Poindexter*, 492 F.3d 263, 267 (4th Cir. 2007).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see* Rule 12, Rules Governing Section 2255 Proceedings ("The Federal Rules of Civil Procedure . . ., to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "The evidence must be viewed in the light most favorable to the non-moving party, with all reasonable inferences drawn in that party's favor. The court therefore cannot weigh the evidence or make credibility determinations." *Reyazuddin v.*

3

*Montgomery Cty.*, 789 F.3d 407, 413 (4th Cir. 2015) (internal citations and quotation marks omitted).

**Ineffective Assistance of Counsel**

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The U.S. Supreme Court has held that this right is violated when counsel retained by, or appointed to, a criminal defendant fails to provide adequate or effective legal assistance. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). *Strickland* established a two-prong test for a claim of ineffective assistance of counsel in violation of the Sixth Amendment, under which the criminal defendant must show deficient performance and resulting prejudice. *Id.* at 687. "The performance prong of *Strickland* requires a defendant to show 'that counsel's representation fell below an objective standard of reasonableness.'" *Lafler v. Cooper*, 566 U.S. 156, 163 (2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 57 (1985)). "[C]ounsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment,'" and courts should indulge in a "'strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance.'" *Burt v. Titlow*, 134 S. Ct. 10, 17 (2013) (modifications omitted) (quoting *Strickland*, 466 U.S. at 689–90). "To establish *Strickland* prejudice a defendant must 'show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Lafler*, 566 U.S. at 163 (quoting *Strickland*, 466 U.S. at 694). "In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's

performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Harrington v. Richter*, 562 U.S. 86, 111 (2011) (citations omitted). Rather, "*Strickland* asks whether it is 'reasonably likely' the result would have been different." *Id.* (citing *Strickland*, 466 U.S. at 693). Furthermore, "When analyzing counsel's performance at sentencing, prejudice exists when, but for counsel's action or inaction, the movant would have received a shorter sentence." *Jennings v. United States*, 461 F. Supp. 2d 818, 823–24 (S.D. Ill. 2006) (citing *Glover v. United States*, 531 U.S. 198, 202–04 (2001); *Strickland*, 466 U.S. at 689).

## DISCUSSION

King's § 2255 motion does not expressly assert any specific legal basis for relief. (*See* ECF No. 48.) However, the motion challenges trial defense counsel's performance in certain respects. Liberally construed, the motion raises claims that counsel provided ineffective assistance. Accordingly, those claims will be analyzed under the *Strickland* standard.

### A. Whether Counsel was Ineffective for Failing to Provide Accurate Information to the Court Concerning Time that King Served on a State Sentence

In Ground One of the § 2255 motion, King states, simply: "My attorney misled the judge." (*Id.* at 4.) As supporting facts, King asserts: "I was done with my state sentence on 5-1-18. But my attorney said 5-28-18, and I told him the truth." (*Id.*) In his affidavit, AFPD Loggins responds:

> On the issue of the date [King] was released into federal custody this is an issue for the Bureau of Prisons. They are the group responsible for calculating what days for which any inmate receives credit. A sentencing judge can neither order credit for [sic] nor deny credit. This is decided by statute. This calculation is complete after the inmate has been sentenced and is in federal custody.

(ECF No. 102 at 1.)

Upon review of the sentencing transcript, it appears that the statement King is referring to is in a section where AFPD Loggins was arguing for a variance and discussing the circumstances in which King wrote the letters containing threats against the then President-elect:

> You're looking at a man diagnosed by the federal government at his last evaluation confirming an earlier evaluation that he does suffer from schizophrenia. Now, I've talked to him many times over the last many months. We're not challenging competency. He more than understands why he's here and what's going on. He's able to assist me with his defense.
>
> This is the problem the man's fighting with. Because he was in jail when he wrote these, he, of course, has remained in jail the entire time. He didn't come into federal custody until May 25th or May 28th of this year when the state sentence was over. That's approximately 15 months.
>
> The guideline range is 51 to 60. We're asking for a sentence of 36 months. That gives him credit for that time he's done. It doesn't disrupt any of the 3553(a) factors. It simply acknowledges that he was in jail during that time period.

(ECF No. 60 at 4–5.) The Court finds that King has not shown constitutionally deficient performance by counsel or any prejudice as to a putative misstatement about the end of King's state sentence. Even if it is true that counsel misrepresented, by approximately four weeks, the end of King's state sentence, there is no reasonable likelihood that King's sentence would have been shorter in the absence of such a misstatement. King's first theory of relief lacks merit and the motion to vacate sentence on this ground is denied.

## B. Whether Counsel was Ineffective for Failing to Request a Downward Variance Predicated on King's Mental Health

In Ground Two of the § 2255 motion, King states: "I ask my attorney to type a veraince Becaus I have Mental Health issues[.]" (ECF No. 48 at 5 (errors in original).) As supporting facts, King asserts: "I sent some letters ask him to do this. I even told him in

person a few days befor sentinceing, and he corherst me, saying that it would be the same, if he just ask in court." (*Id.* (errors in original).) By way of relief, King seeks a new sentencing hearing. (*Id.* at 12.) In his affidavit, AFPD Loggins responds:

> The transcript of King's sentencing hearing on page 3,[1] line 3 counsel moved for a variance based upon King's mental illness and also recognizing the time that King had spent in state custody. The judge denied the motion for a variance on page 9, line 9 of the sentencing transcript dated June 19, 2018.

(ECF No. 102 at 1 (errors in original).)

The portion of the sentencing transcript quoted above, *supra* at 6, shows that AFPD Loggins did indeed make a motion for variance based on King's diagnosed schizophrenia. (*See* ECF No. 60 at 4.) Moreover, King's mental health history, including his schizophrenia diagnosis, was documented in the PSR and known to the Court at sentencing. (PSR ¶¶ 65–70, ECF No. 40 at 16–17.) The fact that counsel argued for a variance by way of an oral motion rather than in written form is immaterial. The Court finds that King has not shown constitutionally deficient performance or any prejudice as to AFPD Loggins' efforts to seek a variance on his behalf. King's second theory of relief is unfounded and the motion to vacate sentence on this ground is denied.

### C.  Whether Counsel was Ineffective for Failing to File a Notice of Appeal

King's next § 2255 claim is premised on the assertion that his trial defense counsel failed to file an appeal. (*See* ECF No. 48.) In truth, the § 2255 motion never squarely alleges that King directed AFPD Loggins to file an appeal, stating only, "I thought my attorney was going to ask me if I wanted to!" and "I thought my attorney was going to

---

[1] Counsel's request for a variance actually appears at page 4 of the sentencing transcript, not page 3 as AFPD Loggins' affidavit represents. (*See* ECF No. 60 at 4.)

handle the appeal." (*Id.* at 3, 6.) King has not submitted any evidence to support the implicit assertion that he directed his counsel to file an appeal. The Court instructed AFPD Loggins to respond to the Government's request for an affidavit addressing this issue. (ECF No. 56.) In his affidavit, AFPD Loggins states:

> I was the attorney for Mr. King throughout his federal case. He was sentenced on June 19, 2018. At that hearing the Judge informed him of his appellate rights and he stated that he understood those rights including the timing requirements for filing an appeal. At the end of this hearing I asked whether he understood his appellate rights. He was also informed that he should contact me if he wanted to appeal. King's Judgement and Commitment Order was filed on June 25, 2018. As of February 21, 2019,[2] I had yet to receive any request to file an appeal in his case.

(Loggins Aff., ECF No. 102 at 1.)

The Court need not resolve any factual disputes or make any credibility determinations in order to find that King has failed to set forth a viable claim for ineffective assistance of counsel based on an alleged failure to file a notice of appeal. King has provided no evidence to substantiate his implicit claim that he asked Mr. Loggins to file an appeal. Moreover, King has not adequately shown that a rational defendant would want to appeal or that there was a colorable basis for appeal. The Court finds that King has not made a sufficient showing of deficient performance or prejudice to advance beyond the summary judgment stage on this aspect of his ineffective assistance of counsel claim. Accordingly, the § 2255 motion is denied to the extent it is premised on counsel's alleged failure to file a notice of appeal after having been directed to do so.

---

[2] AFPD Loggins references "February 21, 2019" as the date by which he had not received any request to file an appeal because this was the date of the first iteration of his affidavit. (*See* ECF No. 58 ("As of today's date, I have yet to receive any request to file an appeal in [King's] case.").) AFPD Loggins later submitted an amended version of his affidavit (ECF No. 102) in response to the Court's direction (ECF No. 97).

**D. Whether Counsel was Ineffective for Failing to Argue for a Lesser Sentence Based on the Sentences of Similarly Situated Defendants**

In Ground Three of the § 2255 motion, King states: "My Attorney fail to bring up other cases like mine[.]" (ECF No. 48 at 7 (errors in original).) As supporting facts, King asserts: "I found 2 cases were the defendents had scytziphrinia, and also they were Carrierd out. Meaning they both had wores criminal history than I. But in both cases the were sentince 51 months and I got 60 mths." (*Id.* (errors in original).) In his affidavit, AFPD Loggins responds:

> As to the issue of failure to argue for a lesser sentence based on similarly situated defendants, these issues are always fact specific particularly as to criminal history and the nature of the threats. King's criminal history is category VI with a total score of 25 points. As to the nature of the threat, King clearly threatened to kill the president at his first opportunity. King presented no factual basis to compare his situation to any others charged with his offense.

(ECF No. 102 at 1 (errors in original).)

The Court finds that King has failed to demonstrate deficient performance or prejudice as to an alleged failure to argue for a lesser sentence based on the sentences of similarly situated defendants. King received a sentence within the properly calculated guideline range. By the terms of his own claim, the defendants with whom he seeks to compare himself also received sentences within the guidelines range, albeit 9 months shorter. King does not provide any identifying features of the comparison cases he references, so there is no way to conduct a meaningful substantive analysis of the alleged similarities and differences at issue. King's third theory of relief is without merit and the motion to vacate sentence on this ground is denied.

### E. Evidentiary Hearing

The Court finds that it is clear from the pleadings, files, and records of this case that King is not entitled to relief; thus, an evidentiary hearing is not necessary. *See* 28 U.S.C. § 2255(b); *Raines v. United States*, 423 F.2d 526 (4th Cir. 1970) (holding it is within the district court's discretion to deny without a hearing § 2255 motions where the files and records conclusively show that the prisoner is entitled to no relief). King has failed to set forth arguments that would merit a hearing. Accordingly, any implied request for an evidentiary hearing is denied.

## CONCLUSION

For the reasons set forth above, Movant King's motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 (ECF No. 48) is DENIED. Respondent United States of America's motion for summary judgment (ECF No. 62) is GRANTED.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims to be debatable or wrong and that any dispositive procedural ruling by this Court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard

for the issuance of a certificate of appealability has not been met. Therefore, a certificate

of appealability is denied.

**IT IS SO ORDERED.**

<u>/s/ Bruce Howe Hendricks</u>
United States District Judge

December 2, 2021
Greenville, South Carolina

\*\*\*\*\*

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.